IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

BENJAMIN FRIEDMAN,

          Plaintiff,

v.

DYNAMIC HEALTHCARE, INC.,

          Defendant.

Case No. 1:18-cv-02724

Judge Charles R. Norgle

## OPINION AND ORDER

Defendant's motion for summary judgment [21] is granted. The clerk is directed to enter judgment in favor of Defendant pursuant to Fed. R. Civ. P. 58.

## STATEMENT

This case involves a claim that Defendant failed to give proper notice to Plaintiff regarding his healthcare benefits pursuant to its obligations under the Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Because the undisputed facts show that Defendant acted in good faith, the motion is granted as a matter of law.

### I. FACTS

These are the relevant, undisputed facts.[1] Dynamic is involved in the nursing home industry. Plaintiff and Marshall Mauer, the CEO of Dynamic, were previously engaged in a business partnership involving multiple business organizations that held nursing homes. Plaintiff was terminated from Dynamic on February 12, 2018.

Plaintiff received healthcare insurance through Defendant employer from approximately 2013 to 2018. Plaintiff selected a Blue Cross Blue Shield ("BCBS") policy, and completed a form titled "Illinois Standard Health Employee Application for Small Employers." On that application, Plaintiff provided his address as 3711 W. North Shore Avenue in Lincolnwood, Illinois ("3711 residence"). Accordingly, all health insurance related documents, including insurance cards and explanations of benefits, were sent to the 3711 W. North Shore address. As of the date Plaintiff initiated this action, he continued to list his mailing address for Cook County property taxes at that address. His address in Dynamic's employment files was, at some point, 3336 W. North Shore

---

[1] The following undisputed facts were taken from the parties' Local Rule 56.1 statements, including: Defendant's Statement of Material Facts ("Def.'s SOMF"); Plaintiff's Response to Defendant's Statement of Material Facts ("Pl.'s Resp. to Def.'s SOMF"); Plaintiff's Statement of Additional Facts ("Pl.'s SOAF"); and Defendant's Response to Plaintiff's Statement of Additional Facts (Def.'s Resp. to Pl.'s SOAF").

1

Avenue in Lincolnwood ("3336 residence"), but Defendant asserts it was 3711 prior to that. Mauer has been to the 3336 residence.

Dynamic's group health insurance program was administered by Cathy Hobgood, a Dynamic employee. As part of her job, Hobgood caused COBRA notices to be sent to those who ceased receiving health insurance through Dynamic. Defendant used the services of Asure Software, Inc. and its software to administer the COBRA element of its health insurance program. Employees who chose BCBS each had profiles in the software system, which included each insured's address for COBRA related correspondence. The profile address in the Asure software was obtained by copying the address the insured provided to BCBS. This was how Plaintiff's address was added to his Asure software profile.

Defendant terminated Plaintiff from its health insurance plan as of February 28, 2018, at which point he would lose insurance should he choose not to elect COBRA coverage. On February 22, 2018, Mauer requested that Hobgood send Plaintiff an appropriate notice of the right to elect COBRA coverage. On the same day, Dynamic caused a COBRA notice to be sent to the address in Plaintiff's Asure profile.

Hobgood followed Dynamic's usual and customary procedures when issuing that COBRA notice to Plaintiff. She first terminated Plaintiff's account with BCBS through Dynamic's BCBS online portal. Then, Hobgood printed the confirmation of termination, logged into the Asure software, and compared the address Plaintiff provided to BCBS with the address reflected in the Asure software profile. The addresses were the same. Having confirmed the addresses were identical, Hobgood used the Asure software to select the option to send Plaintiff a COBRA notice, which was not returned to sender.

On April 16, 2018, Friedman's counsel initiated this case and forwarded a copy to Dynamic's counsel. Dynamic's counsel responded that Dynamic already had forwarded the COBRA notice to Plaintiff, but would send it again to Plaintiff's counsel. Dynamic's counsel emailed the COBRA notice to Plaintiff's counsel on April 17, 2018. Plaintiff subsequently and properly selected to continue health insurance through COBRA.

Plaintiff argues that Mauer was bitter toward him as a result of their business engagements, which provided a motive for him to intentionally and in bad faith send Plaintiff's notice to the wrong address and ignore Plaintiff's further requests for notice. Bad faith is further evidenced, alleges Plaintiff, by the undisputed fact that Mauer had been to the 3336 residence in the past.

Defendant alleges that Plaintiff was given the option to update his address for health insurance related matters either online or with Hobgood directly, but never did. In addition, it states that a separate process exists for updating payroll addresses as opposed to updating addresses for health insurance correspondence, and that sometimes people provided differing addresses for the two types of correspondence.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations,

2

weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The Court must view "the record in the light most favorable to the nonmovant and [avoid] the temptation to decide which party's version of the facts is more likely true." Id. Finally, "to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 702 (7th Cir. 2009).

### III. DISCUSSION

While the Seventh Circuit has not addressed the issue, it is settled law that this Court recognizes that a "good faith" attempt to send notice to an employee satisfies an employer's COBRA obligations. Turner v. Adidas Promotional Retail Operations, Inc., No. 07 C 2511, 2009 WL 901487, at *9 (N.D. Ill. Mar. 31, 2009); Powell v. Paterno Imports, Ltd., No. 03 C 8175, 2004 WL 2434225, at *8 (N.D. Ill. Oct. 28, 2004) ("The issue is . . . whether the notice was sent in a good faith manner reasonably calculated to reach the former employee," citing Keegan v. Bloomingdale's, Inc., 992 F. Supp. 974, 978 (N.D. Ill. 1998) ("proof of receipt is not required")); Mercy Hosp. & Med. Ctr. v. Meyer Steel & Drum Benefit Plan, No. 94 C 3656, 1996 WL 88998, at *2 (N.D. Ill. Feb. 28, 1996) (a "plan administrator must make a good faith attempt to comply with a reasonable interpretation of the provision" and "an employer generally complies . . . by sending notice by first class mail to the last known address of an employee); see also Smith v. Rogers Galvanizing Co., 128 F.3d 1380, 1383 (10th Cir. 1997).

Based on the undisputed facts, no reasonable juror could return a verdict for Plaintiff, as these facts alone establish Defendant's good faith as a matter of law. Plaintiff does not contest that: (1) he entered his address at the 3711 residence when completing his original application for insurance, (2) this address was copied into the Asure software system used to administer the BCBS insurance program, (3) "all health insurance related documents . . . was sent to the 3711 W. North Shore address",[2] (4) six days before Plaintiff's insurance plan was to be terminated, Mauer requested that Hobgood send Plaintiff an appropriate COBRA notice; (5) Dynamic subsequently caused a COBRA notice to be sent to that address,[3] (6) Hobgood followed Dynamic's usual and customary procedures when issuing the COBRA notice, (7) the COBRA notice was not returned to sender, and (8) Plaintiff continued to own the 3711 residence and his mother was living in that home at least until this action was filed.[4] These facts alone establish that Defendant acted in good faith by sending notice "reasonably calculated to reach the former employee." Powell, 2004 WL 2434225 at *8.

The undisputed fact that Mauer had been to Plaintiff's 3336 residence alone does not evince that Dynamic acted in bad faith. Even assuming that Mauer knew Plaintiff actually lived at the 3336 residence, there is no evidence that Mauer knew that Plaintiff could not, or would not, also receive mail at his 3711 residence. In addition, to act on this knowledge and send Plaintiff's notice to the 3336 residence, Mauer would have to remember this fact and either (1) actively reach

---

[2] PL's Resp. to Def's SOMF, ¶ 6.
[3] Asure manager Heather James submitted an affidavit declaring that Asure did in fact send the letter to that address on February 26, 2019.
[4] Plaintiff "disputes" this fact, but only cites an unresponsive paragraph in his affidavit, so it is deemed admitted. Dkt. 27 at ¶ 23. "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. L.R. 56.1(b)(3)(C); Banks v. Dart, No. 12 C 4333, 2014 WL 625865, at *2 (N.D. Ill. Feb. 18, 2014).

3

out to Plaintiff or (2) inform Hobgood of it and instruct Hobgood to change Plaintiff's address in the health insurance system without Plaintiff's permission. Good faith does not require such measures.

Instead, Mauer undisputedly instructed Hobgood to issue a COBRA notice properly using the system with the address that Plaintiff had himself included in his application and which he never updated. Plaintiff "disputes" the allegation that he could have updated his address in the health insurance system, stating that it is based on inadmissible evidence. However, he does not argue why the evidence is inadmissible nor cite to any evidence in the record to support his dispute. The idea that he could not update his own address for health insurance correspondence purposes is not a credible position. Dkt. 27, ¶ 9.

Because the Court finds that Dynamic acted in good faith based on the above-mentioned, undisputed facts, it need not consider arguments regarding Plaintiff's damages being too low, nor arguments involving Plaintiff's continued notice requests or alleged second COBRA notice.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. Judgment is entered for Defendant.

IT IS SO ORDERED.

ENTER: *Charles R. Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 5, 2020